UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSETTE W.,

                 Plaintiff,

v.                                            5:21-CV-0510
                                                (GTS/CFH)
COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.
_____

APPEARANCES:                             OF COUNSEL:

OLINSKY LAW GROUP              HOWARD D. OLINSKY, ESQ.
 Counsel for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION     MOLLY CARTER, ESQ.
 Counsel for Defendant                  Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

     Currently before the Court, in this Social Security action filed by Josette W. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States Magistrate Judge Christian F. Hummel recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, (2) Plaintiff's Objections to the Report and Recommendation, and (3) Defendant's response to Plaintiff's

Objections. (Dkt. Nos. 16, 17, 18.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Hummel's Report-Recommendation

Because this Decision and Order is intended primarily for the review of the parties (who have, in their papers, demonstrated an adequate understanding of Magistrate Judge Hummel's Report-Recommendation), the Court will not repeat the findings of fact and conclusions of law in Magistrate Judge Hummel's Report-Recommendation, but will respectfully refer the reader to them. (Dkt. No. 16, at 8-28.)

### B. Plaintiff's Objections to the Report-Recommendation

Generally, Plaintiff asserts two objections to Magistrate Judge Hummel's Report-Recommendation. (Dkt. No. 17.) First, Plaintiff argues that Magistrate Judge Hummel erred in finding that the ALJ had properly afforded significant weight to the opinion of non-treating, non-examining physician Lillie McCain, Ph.D., while affording less weight to the opinions of Plaintiff's treating providers. (*Id*. at 1-2.) More specifically, Plaintiff argues that Magistrate Judge Hummel merely repeated the ALJ's mistake of listing "cherry-picked" findings that supported a denial of Plaintiff's disability claim, while ignoring evidence that tended to support her claim (such as the opinions of Dr. Maggie Koch, Ph.D., and Mr. Bruce Jones, LCSW). (*Id*.) In so doing, Plaintiff argues, both Magistrate Judge Hummel and the ALJ relied on "a few isolated instances of improvement" in the face of a "cycle[] of improvement and debilitating symptoms" of mental illness, which is prohibited by *Estrella v. Berryhill*, 925 F.3d 90, 97 (2d Cir. 2019). (*Id*. at 2.)

Second, Plaintiff argues that Magistrate Judge Hummel erred in finding that the ALJ had followed the remand instructions of the Appeals Council directing that she carefully consider the opinions of Plaintiff's treating providers. (*Id*. at 3.) More specifically, Plaintiff argues that the ALJ relied on a "boilerplate rejection of overwhelming opinion evidence from treating and examining sources" assessing Plaintiff's disabling limitations. (*Id*.) Plaintiff argues that Magistrate Judge Hummel ignored the fact that the ALJ failed to explicitly apply the factors listed in the treating physician rule under 20 C.F.R. § 404.1527 to the opinions of Plaintiff's six treating sources. (*Id*.)

C.  **Defendant's Response to Plaintiff's Objections**

In response to Plaintiff's Objections, Defendant asserts two arguments. (Dkt. No. 18.) First, Defendant argues that Magistrate Judge Hummel did not err by finding that ALJ had properly evaluated Dr. McCain's opinion. (*Id*. at 2-4.) More specifically, Defendant argues that the ALJ explained that she gave Dr. McCain's opinion significant weight to the extent that its finding of no disability was supported by the record, while giving it less weight to the extent that it did not find mental limitations in Plaintiff's Residual Functional Capacity ("RFC"), a deviation that *favored* Plaintiff. (*Id*. at 2.) Defendant argues that the ALJ did not ignore the opinions of Dr. Koch and Mr. Jones, but gave them partial weight while explaining the extent to which she was rejecting them. (*Id*. at 3.) Defendant also argues that Magistrate Judge Hummel did not err by affording less weight to the opinions of Plaintiff's treating providers, because the treating physician rule does not apply here. (*Id*. at 3.) In any event, Defendant argues, even if Plaintiff had explained how the ALJ had erred in reviewing the various medical opinions (which she has not done), she has not established that those opinions were well supported and

consistent. (*Id*. at 4.) Finally, Defendant argues that neither Magistrate Judge Hummel nor the ALJ relied on "a few isolated instances of improvement" (as prohibited by *Estrella v. Berryhill*) because the ALJ relied on all the treatment notes, which showed some abnormalities shortly after Plaintiff applied for benefits, but were generally and consistently normal thereafter. (*Id*.)

Second, Defendant argues that the ALJ properly evaluated the remaining opinion evidence in the record. (*Id*. at 4-6.) More specifically, Defendant argues that Plaintiff's interpretation of the treating physician rule is misplaced because Drs. Miller and Koch were not treating physicians, and Mr. Jones and Ms. Eileen Essi, LCSWR, were not acceptable medical sources. (*Id*. at 5.) Defendant also argues that Plaintiff's argument that the ALJ relied on a "boilerplate rejection of overwhelming opinion evidence from treating and examining sources" is a verbatim repetition of an argument that she made before Magistrate Judge Hummel, and thus warrants only a clear-error review. (*Id*.) In any event, Defendant argues, Plaintiff does not specifically explain how the ALJ erred in reviewing these various medical opinions. (*Id*.) In particular, Defendant argues that Plaintiff has not shown why the ALJ's specific record citations of her "mostly benign mental status examination results" were in error. (*Id*. at 6.)

## II.     APPLICABLE LEGAL STANDARD

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.² Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

---

reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

²       *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

---

[3]  *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]  *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After carefully reviewing the relevant filings in this action, including Magistrate Judge Hummel's thorough Report-Recommendation and Plaintiff's Objections, the Court can find no error in the Report and Recommendation: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. The Court renders this finding for the reasons stated in the Report-Recommendation and Defendant's response to Plaintiff's Objections. (*See generally* Dkt. No. 16, at 8-28; Dkt. No. 18, at 2-6.) To those reasons, the Court adds only one brief point.

The Court finds that both of the arguments in Plaintiff's Objections merely repeat arguments presented in her initial Brief. (*Compare* Dkt. No. 17, at 1-3 *with* Dkt. No. 14, at 18-24.) As a result, the Court finds that "challenged" portions of the Report-Recommendation warrant only a clear-error review. *See, supra,* Part II of this Decision and Order. The Court finds they survive that review. In any event, even if the Court were to find that Plaintiff's arguments did not merely reiterate arguments presented in her initial Brief, the Court would find that they survive a de novo review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report and Recommendation (Dkt. No. 16) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

       **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**; and it is further

       **ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

       **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: October 18, 2022
       Syracuse, New York

                                             Glenn T. Suddaby
                                             U.S. District Judge